**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| v. | Case No. 7:00-CR-21 (HL) |
| **ARTHUR LEE BELL,** | |
| Defendant. | |

## ORDER

Before the Court is Defendant Arthur Lee Bell's Motion for Sentence Reduction pursuant to Section 404(b) of the First Step Act of 2018. (Doc. 93, 101). For the reasons discussed herein, the Court **GRANTS in part and DENIES in part** Defendant's motion and reduces Defendant's sentence to 300 months to be followed by three years supervised release.

## I.    BACKGROUND[1]

A grand jury in this district returned an indictment on September 28, 2000, charging Defendant Arthur Lee Bell as follows: Count One, Possession with Intent to Distribute More than Five Grams of Cocaine Base, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii); Count Two, Possession with Intent to Distribute a Detectable Amount of Cocaine, in violation of 21 U.S.C.

---

[1] As noted by the Government in response to Defendant's motion, due to the age of this case, a great deal of the record is not available on the Court's docketing system. As a result, the Court relies heavily on the information provided by the parties in outlining the history of the proceedings.

§§ 841(a)(1) and (b)(1)(C); Count Three, Possession of a Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. § 2 and 18 U.S.C. § 924(c)(1)(A)(i); Count Four, Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (Doc. 1). Defendant made an initial appearance and entered a plea of not guilty on October 18, 2000. (Doc. 8).

Defendant proceeded to trial on February 28, 2001 through March 2, 2001. The jury found Defendant guilty as to Counts One, Three, and Four. At the time of the indictment, the Government believed that Defendant possessed 25.7 grams of cocaine base (Count One) and 89.8 grams of cocaine (Count Two). After further testing, it was determined that both substances were cocaine base with a total weight of 115.5 grams. The Government accordingly dismissed Count Two, and the jury did not consider that count.

Prior to sentencing, the United States Probation Office ("Probation") prepared a Presentence Investigation Report. Based on the 2001 Sentencing Guideline Manual, Probation held Defendant accountable for the entire 115.5 grams of cocaine base and applied a base offense level of 32. Probation then added two offense levels for obstruction of justice based on Defendant's attempted escape from the Tift County jail after conviction but prior to sentencing. Probation included an additional two levels for recklessly creating a substantial risk of death or serious bodily injury to another person in the course of fleeing

2

from a law enforcement officer stemming from Defendant's escape from federal custody during a trial recess. Defendant's adjusted offense level thus became 36.

At the time of Defendant's conviction, § 841(b)(1)(B)(iii) imposed a statutory minimum sentence of five years and a statutory maximum of forty years for possession with intent to distribute five grams or more of crack cocaine. Based on the statutory maximum penalty, Probation determined that Defendant was a career offender with a base offense level of 34. Because the career offender offense level was less than the offense level for the drug count, Probation applied the drug count offense level of 36. Probation also concluded that Defendant was an Armed Career Criminal. Pursuant to U.S.S.G. § 4B1.1(a), as an armed career criminal, Defendant's offense level was the greater of the applicable offense levels. The drug count therefore controlled, and Defendant's total offense level remained 36.

Defendant had a criminal history category of VI. With a total offense level of 36 and a criminal history category of VI, Defendant's advisory sentencing guideline range was 324 to 405 months as to Count One. By statute, Defendant's sentencing range as to Count Three was 60 months, to run consecutive to any other sentence imposed. Defendant appeared before the Court for sentencing on June 18, 2001. The Court imposed a sentence of 405 months as to Counts One and Four and 60 months as to Count Three for a total sentence of 465 months to be followed by five years supervised release.

On March 3, 2016, the Court appointed the Federal Defenders of Middle Georgia, Inc. ("Federal Defenders") to evaluate Defendant's eligibility for relief under Johnson v. United States, 135 S. Ct. 2551 (2015), which rendered unconstitutional the "residual clause" of the Armed Career Criminal Act. (Doc. 72). Defendant then filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, arguing that the enhancement of his sentence was no longer valid under Johnson. (Doc. 77). The Court granted Defendant's § 2255 motion. (Doc. 85, 86). On October 17, 2017, the Court resentenced Defendant to serve a term of imprisonment of 405 months as to Count One, 120 months as to Count Four to be served concurrent to Count One, and 60 months as to Count Three to be served consecutively to Counts One and Four. (Doc. 90). Defendant's total sentence consequently remained 465 months.

Defendant filed a pro se motion for sentence reduction under the First Step Act on June 14, 2019. (Doc. 93). The Court appointed the Federal Defenders (Doc. 98), who then filed a supplemental motion for resentencing (Doc. 101). Defendant's motion for sentence reduction under the First Step Act is now ripe for review.

## II.  DISCUSSION

The Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372 ("Fair Sentencing Act" or "the Act"), enacted on August 3, 2010, amended 21 U.S.C. §§ 841(b)(1) and 960(b) to reduce the sentencing disparity between crack

4

and powder cocaine. See Dorsey v. United States, 567 U.S. 260, 268-69 (2012) (detailing the history leading to the enactment of the Fair Sentencing Act and examining criticism that the disparity between crack and powder cocaine disproportionately impacted defendants of color). The Act increased the quantity of crack cocaine necessary to trigger the 10-year mandatory minimum from 50 grams to 280 grams and the quantity to trigger the 5-year mandatory minimum from 5 grams to 28 grams. Fair Sentencing Act § 2(a)—(b); see also 21 U.S.C. §§ 841(b)(1(A)(iii), (B)(iii). Congress did not make these amendments retroactive to defendants sentenced prior to the enactment of the Fair Sentencing Act. United States v. Berry, 701 F.3d 374, 377 (11th Cir. 2012). Accordingly, the Act did not apply to Defendant at the time of his original sentencing.

Then, in 2018, Congress enacted the First Step Act. Section 404 of the First Step Act grants courts the authority to "impose a reduced sentenced as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." First Step Act § 404(b). The statute defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . ., that was committed before August 3, 2010. Id. at § 404(a). The Act further provides that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." Id. at § 404(c).

The parties do not dispute that Defendant was convicted of a "covered offense." However, the parties disagree as to the extent of the sentence reduction that should be imposed. Defendant further argues that the Court should conduct a resentencing hearing.

### A.  Eligibility for Sentence Reduction

In United States v. Jones, 962 F.3d 1290, 1303, the Eleventh Circuit explained that whether a district court has the discretion to reduce a defendant's sentence requires a two-part inquiry: (1) whether the defendant was convicted of a "covered offense"; and (2) whether the defendant is eligible for a sentence reduction for the "covered offense." "To determine the offense for which the district court imposed a sentence, district courts must consult the record, including the movant's charging document, the jury verdict or guilty plea, the sentencing record, and the final judgment." Id. at 1300-01. Here, the parties agree that Defendant's offense qualifies as a "covered offense." Defendant was convicted of Count One of the indictment, which charged Defendant with possession with intent to distribute more that five grams of crack cocaine, in violation of 21 U.S.C. § 841(b)(1)(B)(iii). As § 841(b)(1)(B)(iii) was subsequently modified by the Fair Sentencing Act, Defendant's offense is a "qualified offense."

"But a movant's satisfaction of the 'covered offense' requirement does not necessarily mean that a district court can reduce his sentence." Id. at 1303. As explained in Jones, "[a]ny reduction must be 'as if sections 2 and 3 of the Fair

Sentencing Act . . . were in effect at the time of the covered offense was committed." Id. (quoting First Step Act § 404(b)). The "as if" qualifier imposes two limitations to the Court's authority to grant a sentence reduction. Id. First, the district court cannot reduce a sentence where the defendant received the lowest statutory penalty that would also be available under the Fair Sentencing Act. Id. Second, in determining what the defendant's penalty would be under the Fair Sentencing Act, the district court is bound by the drug-quantity finding used to determine the defendant's statutory penalty at the time of sentencing. Id.

In this case, the statutory penalty range as to Count One would have been different had the Fair Sentencing Act be in effect at the time of Defendant's sentencing. In determining Defendant's statutory sentencing guideline range, the Court would have been bound either by the language of the indictment charging Defendant with possession with intent to distribute more than five grams of cocaine base or by the 25.7 grams of cocaine base attributed to him in Count One of the indictment. Either would have subjected Defendant to a statutory maximum penalty of 240 months rather than the mandatory minimum term of imprisonment of five years or maximum term of imprisonment of forty years applied at Defendant's sentencing. See 21 U.S.C. § 841(b)(1)(C). The Court therefore has the discretionary authority to reduce Defendant's sentence under the First Step Act.

Under U.S.S.G. § 2D1.1(c)(7), Defendant's new base offense level becomes 26. The base offense level is increased by four levels for obstruction and reckless endangerment, resulting in a total offense level of 30. With a criminal history category of VI and an offense level of 30, Defendant's new advisory sentencing guideline range becomes 168 to 210 months. However, Defendant remains a career offender. As a career offender, Defendant's offense level is 32. U.S.S.G. § 4B1.1(b)(3). With a career offender offense level of 32 and a criminal history category of VI, Defendant's advisory sentencing guideline range is 210 to 262 months, which is capped by the 240-month statutory maximum for Count One. Defendant is also entitled to be resentenced to a three-year term of supervised release.

The Government recommends that the Court resentence Defendant to a new term of imprisonment of 240 months as to Count One but argues that the Court's previously imposed concurrent sentence of 120 months as to Count Four and consecutive sentence of 60 months as to Count Three remain unchanged. Defendant urges the Court instead to sentence him to 240 months. In imposing a new sentence, Defendant argues that the Court should consider the sentencing factors found at 18 U.S.C. § 3553(a). In support of the reduced sentence, Defendant points to the fact that he has already served more than twenty years in prison for the offense of conviction. While incarcerated, Defendant has taken advantage of the prison's educational and occupational programming.

8

In <u>Jones</u>, the Eleventh Circuit stated that a district court may in exercising its discretion consider the § 3553(a) factors when assessing an eligible defendant's request for a sentence reduction under Section 404(b) of the First Step Act. 962 F.3d at 1304. However, the appellate court has not yet addressed in a published opinion whether a district court is required to do so. <u>United States v. Sterlin</u>, 825 F. App'x 631, 635 (11th Cir. 2020) (explaining that in the context of a motion for sentence reduction filed pursuant to 18 U.S.C. § 3582(c)(2), it is mandatory that the district court address § 3553(a) factors; however, the First Step Act does not expressly require consideration of the § 3553(a) factors). Nevertheless, the Court has in its discretion considered the § 3553(a) factors. While the Court commends Defendant for taking advantage of the programming available to him during his incarceration, the Court cannot overlook Defendant's extensive criminal history. The Court also cannot ignore Defendant's two attempts to escape from custody during his judicial proceedings, once during his trial and once more after his conviction but prior to sentencing. Defendant's criminal and insubordinate conduct has continued throughout his incarceration as well, exhibiting his lack of respect for authority. (Doc. 97, p. 2).

The Court hereby imposes a new sentence of 240 months as to Count One. Defendant's sentence as to Counts Three and Four remains unchanged. Defendant's sentence thus become 300 months. Defendant's term of supervised release is reduced to three years. This sentence takes into consideration the

9

nature and seriousness of the offense and the history and characteristics of Defendant and promotes respect for the law, provides just punishment, and affords adequate deterrence.

### B.   Resentencing Hearing

The Court denies Defendant's request for a resentencing hearing. In United States v. Denson, 963 F.3d 1080, 1089 (11th Cir. 2020), the Eleventh Circuit explicitly held that "the First Step Act does not authorize the district court to conduct a plenary or *de novo* resentencing." The Eleventh Circuit explained that nothing in the plain text of the First Step Act grants a defendant a legal right to a hearing. Id. at 1087. Further, under Federal Rule of Criminal Procedure 43 and 18 U.S.C. § 3582(c), a defendant's presence is not required. Id. The court in Denson also rejected the argument that the Due Process Clause creates a right for the defendant to be present at a resentencing hearing. Id. at 1087-88 ("[T]he right to be present under Rule 43 is at least as broad as the right under the Due Process Clause. . . . Thus, where Rule 43 does not require a defendant's presence, there is no due process concern."). Finally, the Denson court rejected the argument that a defendant's presence is required at a resentencing hearing under United States v. Brown, 879 F.3d 1231 (11th Cir. 2018), because a § 3582(c) sentencing modification based on the First Step Act is not a "critical stage." Id. at 1088-89. Defendant's request for a resentencing hearing is therefore **DENIED**.

10

### III.    CONCLUSION

For the foregoing reasons, the Court **GRANTS in part** and **DENIES in part** Defendant Arthur Lee Bell's Motion for Sentence Reduction under the First Step Act. (Doc. 93, 101). The Court resentences Defendant to a term of imprisonment of 240 months as to Count One. Defendant's sentence remains unchanged as to Counts Three and Four. Defendant's total term of imprisonment therefore becomes 300 months. The Court reduces Defendant's term of supervised release to three years.

**SO ORDERED** this 18th day of October, 2021.

*s/ Hugh Lawson* _____
**HUGH LAWSON, SENIOR JUDGE**

aks

11